United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41405
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR VARGAS-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-793-ALL)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Cesar Vargas-Ramirez (Vargas) appeals his guilty-plea conviction and sentence for illegal re-entry of a deported alien. Vargas was sentenced to 50 months of imprisonment and three years of supervised release. He contends that his sentence is illegal under United States v. Booker, 543 U.S. 220 (2005), because it was imposed pursuant to a mandatory application of the Sentencing Guidelines. As the government concedes, Vargas preserved this issue in the district court by objecting to his sentence pursuant to Blakely v. Washington, 542 U.S. 296 (2004).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, our review is for harmless error. See United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The government has not carried its burden to show beyond a reasonable doubt that the district court's error did not affect Vargas's sentence. See United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005). Therefore, we vacate the sentence and remand for resentencing in accordance with Booker. See Garza, 429 F.3d at 171. In light of Vargas's resentencing, we do not address his additional claim of sentencing error.

Vargas also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. This constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Vargas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Vargas candidly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, raising it here solely to preserve it for further review. The judgment of conviction is affirmed.

2

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.